1

2

3

4

5

6                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
7                                  AT TACOMA

8     MICHAEL A.,

9                        Plaintiff,              CASE NO. 2:19-CV-1352 – DWC

10          v.                                   ORDER REVERSING AND
                                                 REMANDING DEFENDANT'S
11    COMMISSIONER OF SOCIAL                      DECISION TO DENY BENEFITS
      SECURITY,
12
                         Defendant.
13

14
            Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of
15
      Defendant's denial of Plaintiff's applications for disability insurance benefits ("DIB") and
16
      supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil
17
      Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by
18
      the undersigned Magistrate Judge. *See* Dkt. 2.
19
            After considering the record, the Court concludes the Administrative Law Judge
20
      ("ALJ") erred when she improperly discounted the joint opinion of ARNP Sonia Nikolova and
21
      Dr. James Hopfenbeck. The ALJ's error is therefore harmful, and this matter is reversed and
22
      remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social
23
      Security Administration ("Commissioner") for further proceedings consistent with this Order.
24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 1

1
FACTUAL AND PROCEDURAL HISTORY

2       On September 30, 2016, Plaintiff filed applications for DIB and SSI, alleging disability

3   as of February 1, 2015. *See* Dkt. 8, Administrative Record ("AR") 17. The applications were

4   denied upon initial administrative review and on reconsideration. *See* AR 17. A hearing was

5   held before ALJ Stephanie Martz on July 6, 2018. *See* AR 17. In a decision dated October 10,

6   2018, the ALJ determined Plaintiff to be not disabled. *See* AR 33. Plaintiff's request for review

7   of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final

8   decision of the Commissioner.[1] *See* AR 16; 20 C.F.R. § 404.981, § 416.1481.

9       In the Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) considering

10  the medical opinion evidence; and (2) finding Plaintiff's unspecified intellectual disability as

11  non-severe at Step Two. Dkt. 10. Plaintiff requests the Court remand his claims for an award of

12  benefits. Dkt. 10, p. 18.

13
STANDARD OF REVIEW

14      Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

15  social security benefits if the ALJ's findings are based on legal error or not supported by

16  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1

17  (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

18

19

20

21      [1] Plaintiff previously filed applications for DIB and SSI in 2013. *See* AR 17. The ALJ issued a decision
finding Plaintiff not disabled, and Plaintiff appealed the decision. *See* AR 17. In June 2017, this Court affirmed the
22  ALJ's decision. *See* AR 149. The prior ALJ decision created a presumption of continuing non-disability regarding
the applications at issue here, but the ALJ found Plaintiff met his burden of rebutting that presumption by providing
23  new evidence showing he has a new severe impairment of asthma. AR 17. The ALJ also noted that because the
Commissioner has changed the criteria for determining disability based on mental impairments since the issuance of
the prior decision, a reassessment of Plaintiff's mental health under the new listing was necessary. AR 17. Thus, this
24  Court will review the ALJ's October 2018 decision.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 2

1 | DISCUSSION

2 | **I.       Whether the ALJ properly considered the medical opinion evidence.**

3 | Plaintiff asserts the ALJ improperly dismissed the opinions of Ms. Nikolova and Drs.

4 | James Czysz and Hopfenbeck. Dkt. 10, pp. 9-18.

5 | In assessing an acceptable medical source, an ALJ must provide "clear and convincing"

6 | reasons for rejecting the uncontradicted opinion of either a treating or examining physician.

7 | *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506

8 | (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or

9 | examining physician's opinion is contradicted, the opinion can be rejected "for specific and

10 | legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at

11 | 830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*,

12 | 722 F.2d 499, 502 (9th Cir. 1983). The ALJ can accomplish this by "setting out a detailed and

13 | thorough summary of the facts and conflicting clinical evidence, stating his interpretation

14 | thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing

15 | *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). "Other medical source" testimony

16 | "is competent evidence that an ALJ must take into account," unless the ALJ "expressly

17 | determines to disregard such testimony and gives reasons germane to each witness for doing

18 | so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner v. Comm'r of Soc. Sec.*, 613

19 | F.3d 1217, 1224 (9th Cir. 2010). "Further, the reasons 'germane to each witness' must be

20 | specific." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009).

21 | The ALJ made two analyses of these medical opinions. First, she considered Ms.

22 | Nikolova's April 2015 opinion together with Dr. Czysz's May 2017 opinion, who both

23 | completed psychological evaluation forms for the Washington State Department of Social and

24 |

1  Health Services ("DSHS") *See* AR 29-30. Next, she discussed Ms. Nikolova's and Dr.

2  Hopfenbeck's joint opinion from December 2016. *See* AR 30-31.

3         A.  Ms. Nikolova's 2015 and Dr. Czysz's 2017 opinions

4         Ms. Nikolova conducted a psychological evaluation of Plaintiff and completed a DSHS

5  form in April 2015. AR 362-365. Dr. Czysz completed a psychological evaluation of Plaintiff

6  and filled out a DSHS form in May 2017. AR 530-534. Both Ms. Nikolova and Dr. Czysz

7  conducted clinical interviews and a mental status exam of Plaintiff and made diagnoses. AR

8  363-365, 530-534. The limitations they opined to were similar but not identical. For example,

9  while Ms. Nikolova opined Plaintiff was severely limited in completing a normal work day and

10  work week without interruptions from psychologically based symptoms, Dr. Czysz opined

11  Plaintiff was markedly limited in the same category. AR 364, 532. Both opined Plaintiff was

12  markedly limited in his ability to ask simple questions or request assistance, communicate and

13  perform effectively in a work setting, and maintain appropriate behavior in a work setting. AR

14  364, 532. Ms. Nikolova listed Plaintiff's diagnoses as depressive disorder, PTSD, and

15  cognitive disorder. AR 363. Dr. Czysz diagnosed Plaintiff with major depressive disorder,

16  anxiety, and unspecified intellectual disability. AR 531.

17         The ALJ discussed these opinions and gave them little weight, because:

18  (1) They relied heavily on the claimant's subjective reported symptoms and
       limitations even though there are good reasons for questioning the reliability of
19     his subjective complaints. It is clear from their statements in the form that the
       information was based on the claimant's self-reports as well as his behavior
20     during the evaluations and upon his self-reports. However, there is reason to
       believe the claimant's statements were not reflective of his actual abilities or
21     functioning. Particularly, the claimant had made statements to Nurse Nikolova
       and Dr. Czysz that are not consistent with his statements found other [sic] records.

22
              i.    The claimant's statements to them that he was in special education are
23                  not consistent with his own answer on the disability report that he had
                    not attend [sic] any special education classes; and

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 4

1

2                ii. He told both Nurse Nikolova and Dr. Czysz that he stopped working
                    in 1999 after a head injury in a car accident that worsened his
3                   intellectual deficits. However, his earnings record shows that he
                    continued to work for years after 1999 until 2013, and earned above
4                   substantial gainful activity level in many of those years. These
                    inconsistencies show that the claimant had misrepresented facts in
5                   order to increase his chance of getting benefits. They also suggests
                    [sic] that Nurse Nikolova and Dr. Czysz might have formed their
6                   opinions depending on some misleading information.

7       (2) As discussed above, I note that Nurse Nikolova diagnosed cognitive disorder and
            Dr. Czysz diagnosed unspecified intellectual disability. However, the record does
            not contain any evidence of traumatic brain injury. Further, I give little weight to
8           the diagnosed unspecified intellectual disability, as discussed above.

9       (3) Nurse Nikolova's opined marked to severe limits are not consistent with her own
            description of the claimant during the examination that he showed regular speech,
10          good mood, only slightly anxious affect, and slightly distractible concentration
            and some issues but not extremely impaired memory.
11
        (4) The opinions of Nurse Nikolova and Dr. Czysz are also inconsistent with the
12          claimant's longitudinal treatment history, his performance at appointments, his
            own statements about improvement, and his documented daily and social
13          activities. While the record does show that the claimant exhibited some aggressive
            behavior at times, the record as a whole does not show ongoing conflicts as he
14          testified. Further, the record documented that the claimant denied depression in
            many occasions and stated that his symptoms improved with medications.
15          Contrary to the opined marked to severe social and cognitive deficits, the claimant
            regularly shows focused concentration, and said he often takes care of his own
16          hygiene, cleans, watches television, manages his own money, goes to church and
            bible study, and talks to his sister and mother on the phone.
17
     AR 29-30 (citations omitted).
18
          The Court finds the ALJ's fourth reason for discounting these opinions is specific and
19
     legitimate and supported by substantial evidence. The ALJ discounted these opinions based on
20
     inconsistency with the longitudinal treatment history, Plaintiff's performance at appointments,
21
     Plaintiff's own statements about improvement, and that his medication effectively controls his
22
     mental health symptoms.
23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 5

1    "Impairments that can be controlled effectively with medication are not disabling for the

2    purpose of determining eligibility for [disability] benefits." *Warre v. Comm'r of the SSA*, 439

3    F.3d 1001, 1006 (9th Cir. 2006). As the ALJ referenced in her decision, the record contains

4    evidence that Plaintiff's mental health symptoms are under control when he complies with his

5    treatment plan. For example, Plaintiff said that he does not worry much and "maybe the

6    medication is helping with mood." AR 495. Plaintiff said he is "noticing a difference with

7    fluoxetine" and that he "feel[s] lighter." AR 462. He endorsed an improved mood and energy

8    level while on his medication. AR 462. Treatment notes from September 2014 indicate Plaintiff

9    "continues to endorse improvement in symptoms of depression…" AR 463. Plaintiff noted his

10   medication was working "fine" and denied any side effects. AR 497. In October 2015, Plaintiff

11   indicated his "medication continues to be helpful and denies any side effects." AR 501.

12        Further, other substantial evidence in the record supports the ALJ's conclusion that

13   Plaintiff's medication benefits his symptoms. For example, Plaintiff's treatment providers and

14   examiners observed at multiple places in the record that Plaintiff was calm, cooperative, polite,

15   pleasant, engaged, joyful, or had appropriate interactive behavior. *See* AR 365, 462, 469, 476,

16   501, 503, 508, 510, 514, 525, 528, 533, 543, 553, 564, 601, 646, 667, 681. Thus, the ALJ's

17   reason for discounting Ms. Nikolova's and Dr. Czysz's opinions because Plaintiff's mental

18   health symptoms are effectively controlled by medication is specific and legitimate.

19        While the ALJ had three other reasons to discount these opinions, the Court need not

20   consider whether any of the other three reasons contained error, as any error would be harmless

21   because the ALJ gave a specific, legitimate reason supported by substantial evidence to

22   discount the opinions. *See* AR 27, 29-30; *Presley-Carrillo v. Berryhill*, 692 F. Appx. 941, 944-

23   45 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th

24

1  Cir. 2008) (noting that although an ALJ erred with regard to one reason he gave to discount a

2  medical source, "this error was harmless because the ALJ gave a reason supported by the

3  record" to discount the source). Accordingly, the Court finds the ALJ properly discounted Ms.

4  Nikolova's 2015 and Dr. Czysz's 2017 opinions.

5          B.   Ms. Nikolova's and Dr. Hopfenbeck's 2016 joint opinion

6          In December 2016, Ms. Nikolova and Dr. Hopfenbeck provided a letter in support of

7  Plaintiff's SSI application opining Plaintiff experiences negative mental health symptoms

8  which affect his mood and memory. AR 529. They opined Plaintiff's cognitive functioning is

9  significantly impaired, and that Plaintiff would not be able to understand and carry out even

10 simple work instructions related to an employment. AR 529. They also opined Plaintiff's

11 anxiety, depressed mood, and poor concentration would affect his ability to carry out and

12 complete work-related tasks. AR 529. Finally, they concluded Plaintiff would not be able to be

13 employed 8 hours a day, 5 days a week for 52 weeks a year. AR 529.

14         The ALJ discussed Ms. their joint opinion and dismissed it, saying:

15         I give no weight to their opinion here because they relied their opinions on a recent
           memory test where the claimant scored only 16/30, which is much lower than the
16         normal range [which] begins at 26. Yet, this test result is not consistent with the
           records [sic] as a whole. First, while the claimant presented with some impaired
17         memory, the treatment notes do not contain any discussion of any memory
           problem. Further, the one-time memory test result mentioned by Nurse Nikolova
18         and Dr. Hopfenbeck is not consistent with the claimant's presentations at other
           appointments where he repeatedly exhibited focused concentration.
19
    AR 30-31 (citations omitted).
20
           The ALJ dismissed Ms. Nikolova's and Dr. Hopfenbeck's joint opinion because it
21
    relies on a memory test where Plaintiff scored poorly, which the ALJ stated is inconsistent
22
    with the record as a whole. AR 31. This reasoning falls short of specific and legitimate. First,
23
    the opinion does not indicate that either Ms. Nikolova or Dr. Hopfenbeck relied solely on the
24

1    memory test or to what extent they relied on the test. Second, the Court has not found any

2    evidence in the record undermining the validity or applicability of the test results. Thus, the

3    ALJ's statement that Plaintiff's score "is much lower than the normal range" is unconnected to

4    an objective standard and therefore does not support his conclusion. *See* SSR 86-8, 1986 SSR

5    LEXIS 15 at *22 (an ALJ may not speculate). Third, although the record does not contain

6    *discussion* of Plaintiff's memory impairment, there is evidence which indicates Plaintiff has

7    limitations with memory. For example, Plaintiff was unable to recall zero out of three words

8    after a brief delay and failed to recall any recent news events or perform serial 7's or serial 3's.

9    AR 531, 533-534. Thus, the record contains evidence which supports the joint opinion. Fourth,

10   the ALJ failed to explain how Plaintiff demonstrating focused concentration at several

11   appointments conflicts with their conclusions regarding Plaintiff's memory impairment. *See*

12   *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an

13   accurate and logical bridge from the evidence to [his] conclusions so that we may afford the

14   claimant meaningful review of the [Social Security Administration's] ultimate findings").

15          Thus, the Court finds the ALJ failed to provide specific and legitimate reasons

16   supported by substantial evidence for discounting Ms. Nikolova's and Dr. Hopfenbeck's joint

17   opinion. Accordingly, the ALJ erred.

18          "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*,

19   674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial

20   to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout*

21   *v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at

22   1115. The determination as to whether an error is harmless requires a "case-specific

23   application of judgment" by the reviewing court, based on an examination of the record made

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 8

1  "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d

2  at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

3        Had the ALJ given great weight to Ms. Nikolova's and Dr. Hopfenbeck's joint opinion,

4  the ALJ may have included additional limitations in the residual functional capacity ("RFC").

5  For example, they opined Plaintiff would not be able to be employed 8 hours a day, 5 days a

6  week for 52 weeks a year. AR 529. In contrast, in the RFC, the ALJ did not include any

7  absenteeism limitations. *See* AR 24. Therefore, if their opinion was given great weight and

8  additional limitations were included in the RFC and in the hypothetical questions posed to the

9  vocational expert, the ultimate disability determination may have changed. Therefore, the

10  ALJ's errors are not harmless and require reversal. Accordingly, the ALJ is directed to reassess

11  Ms. Nikolova's and Dr. Hopfenbeck's joint opinion on remand.

12        **II.**      **Whether the ALJ erred at Step Two of the sequential evaluation.**

13        Plaintiff maintains that the ALJ erred by finding that his intellectual disability was a

14  non-severe impairment at Step Two of the sequential evaluation. Dkt. 10, pp. 2-9. Because the

15  ALJ's reconsideration of the medical opinion evidence may impact the Step Two analysis and

16  the RFC assessment and because Plaintiff will be able to present new evidence and testimony

17  on remand, the ALJ shall re-consider Step Two of the sequential evaluation on remand.

18        For the reasons discussed in this Order, the Court finds, on remand, the ALJ must re-

19  evaluate Step Two of the sequential evaluation process and the joint opinion of Ms. Nikolova

20  and Dr. Hopfenbeck. The ALJ is also directed to re-evaluate the remaining steps of the

21  sequential evaluation process as necessitated by further consideration of Step Two and Ms.

22  Nikolova and Dr. Hopfenbeck's joint opinion.

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 9

1        **III.        Whether this cased should be remanded for an award of benefits.**

2        Plaintiff argues this matter should be remanded with a direction to award benefits. *See*

3   Dkt. 10, p. 18. The Court may remand a case "either for additional evidence and findings or to

4   award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the

5   Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to

6   remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379

7   F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for

8   determining when evidence should be credited and an immediate award of benefits directed[.]"

9   *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be

10  awarded where:

11          (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
            claimant's] evidence, (2) there are no outstanding issues that must be resolved
12          before a determination of disability can be made, and (3) it is clear from the
            record that the ALJ would be required to find the claimant disabled were such
13          evidence credited.

14  *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir.
    2002).
15

16      On remand, the Court has directed the ALJ to re-evaluate Step Two of the sequential

17  evaluation process, the joint opinion of Ms. Nikolova and Dr. Hopfenbeck, and the remaining

18  steps of the sequential evaluation process as needed. For these reasons, the Court finds there

19  are outstanding issues that must be resolved concerning Plaintiff's functional capabilities and

20  his ability to perform other jobs existing in significant numbers in the national economy.

21  Therefore, remand for further administrative proceedings is appropriate.

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 10

1

CONCLUSION

2       Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

3   Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

4   this matter is remanded for further administrative proceedings in accordance with the findings

5   contained herein.

6       Dated this 18th day of May, 2020.

7

8

9                                           David W. Christel
                                            United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 11